WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Lucas Harrison, | No. CV-16-00345-PHX-DLR (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Plaintiff Chad Lucas Harrison, who is confined in the Arizona State Prison Complex-Lewis, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court ordered Defendants Malachinski, Corizon CEO, Johnson, and McKamey to answer the Complaint and dismissed Defendant Ryan without prejudice (Doc. 10 at 10). All Defendants have answered, and all issues are now joined (Docs. 27-30). Plaintiff filed a "Motion; Requestng [sic] emergency TRO, and emergency injunction" (Doc. 4). The Court denied Plaintiff's request for an emergency temporary restraining order (Doc. 10 at 10). The Court also denied in part Plaintiff's request for a preliminary injunction as to Plaintiff's claims regarding infection and his request for housing in a single-man cell (Doc. 26 at 9). The Court has set Plaintiff's claims for epilepsy medication for a preliminary injunction hearing to be held on June 7, 2016 (Doc. 26 at 10).

Several motions are pending before the Court.

# I. DISCUSSION

### A. Plaintiff's "Motion Requesting Clarification . . ." (Doc. 12) and "Motion Requesting Clarification and Document #10 to be Re-Sent to Plaintiff" (Doc. 15)

Plaintiff has filed duplicative "Motions Requesting Clarification . . ." (Docs. 12, 15) in which Plaintiff states he did not receive a copy of the Court's Order (Doc. 10) dismissing Charles L. Ryan from this matter. Plaintiff requests the Court to send him a copy of the Court's Order (Doc. 10). Plaintiff's request is granted. The Court directs the Clerk of Court to mail Plaintiff a copy of the Court's Order (Doc. 10). To the extent Plaintiff seeks further explanation of the content of the Court's Order, the Court finds that the Order (Doc. 10) speaks for itself.

In addition, Plaintiff is warned that he should not file duplicative motions on any subject matter in this case. If Plaintiff does file such duplicative motions, the Court will strike such motions without further notice to Plaintiff and without considering the additional arguments contained in the subsequently filed motions.

### B. Defendants' "Motion for Enlargement of Time to File Response" (Doc. 14)

In their Motion (Doc. 14), Defendants request that the April 4, 2016 deadline for filing their response to Plaintiff's Motion for a Temporary Restraining Order (Doc. 4) be extended to April 18, 2016. Plaintiff opposes the extension of time on the ground that he is not in good health and "has been forced to wait a long time already . . . ." (Doc. 21). These statements do not show Plaintiff will be prejudiced by a fourteen day extension of Defendants' response time. The Court finds that Defendants have shown good cause for the extension, and the Motion (Doc. 14) is granted. Defendants' Response (Doc. 22) filed on April 18, 2016 is deemed timely.

### C. Plaintiff's "Notice of Change of Address and Request Court Intervention" (Doc. 16)

On April 11, 2016, the Clerk of Court docketed "Plaintiff's Notice of Change of Address and Request Court Intervention" (Doc. 16). Plaintiff's filing notifies the Court of his new address and also requests the Court to stop prison personnel from "repeatedly

moving Plaintiff from isolation cell to isolation cell . . . ." (*Id*.). Plaintiff alleges that the frequent cell moves are done to "prevent Plaintiff the personal property he needs and books to properly file documents with the Court." (*Id*.).

The Court's February 2016 Order (Doc. 10 at 9) instructed that "Plaintiff must not include a motion for other relief with a notice of change of address." However, in light of Plaintiff's averment that he did not receive a copy of the Order (Doc. 10), the Court will not strike Plaintiff's filing (Doc. 16). The Court has directed the Clerk of Court to mail to Plaintiff a copy of the Order. Plaintiff is cautioned to carefully read the Order and comply with all of the requirements therein. Failure to comply with any provision of the Order (Doc. 10) may result in dismissal of this action.

Plaintiff's request for Court intervention is construed as a motion for injunctive relief and is referred to the District Court Judge for consideration.[1]

### D. Plaintiff's "Motion Requesting Court Subpoena Witness for Plaintiff" (Doc. 34)

In his Motion (Doc. 34), Plaintiff requests that the Court subpoena Dr. Ryan Rawlings to testify at the June 2016 hearing on Plaintiff's behalf as to Plaintiff's medical needs.

The Federal Rules of Civil Procedure provide that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1); *see also* 28 U.S.C. § 1821. Fees must be tendered concurrently with the subpoena. *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983).

28 U.S.C. § 1915(a) allows a federal court to waive the filing fee for an indigent prisoner's civil rights complaint. When a plaintiff is proceeding *in forma pauperis*,

---

[1] A Magistrate Judge may not rule on a motion requesting injunctive relief unless all parties have consented to the exercise of civil jurisdiction by the Magistrate Judge. 28 U.S.C. §§ 636(b)(1), (c)(1).

officers of the court shall issue and serve all process. 28 U.S.C. § 1915(d). But 28 U.S.C. § 1915 does not entitle an indigent plaintiff to a waiver of the witness and mileage fees required to subpoena a witness. In *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989), the Ninth Circuit Court of Appeals held that:

> [a]lthough the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses. The Supreme Court has declared that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . ." *United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976). We join the Third, Sixth, Seventh, and Eighth Circuits in finding no such authorization in section 1915.

*See also Alexander v. Plainer*, 390 F. App'x 724, 726 (9th Cir. 2010) (holding that a district court "rightly exercised its discretion by denying Alexander's request to subpoena a particular correctional officer because Alexander did not pay the required witness and mileage fees for this particular officer").

The Court will direct the Clerk of Court to issue and forward to Plaintiff a Subpoena in a Civil Case. Plaintiff, however, is responsible for paying Dr. Rawlings' fees for attendance at the June 7, 2016 hearing and Dr. Rawlings' mileage allowed by law.

**E. Plaintiff's "Motion Requesting Permission to File Witness and Exhibit List Late for the Following Reasons" (Doc. 35)**

The Court ordered the parties to disclose their exhibits and witnesses for the June 2016 hearing no later than May 24, 2016. (Doc. 26). On May 25, 2016, the Clerk of Court docketed Plaintiff's list of exhibits and witnesses. (Doc. 33). Plaintiff filed a "Motion Requesting Permission to File Witness and Exhibit List Late for the Following Reasons" (Doc. 35). For good cause shown, Plaintiff's Motion (Doc. 35) is granted. Plaintiff's list of exhibits and witnesses docketed on May 25, 2016 (Doc. 33) is deemed timely disclosed.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Plaintiff's "Motion Requesting Clarification . . ." (Doc. 12) and "Motion Requesting Clarification and Document #10 to be Re-Sent to Plaintiff" (Doc. 15).

**IT IS FURTHER ORDERED** directing the Clerk of Court to mail Plaintiff a copy of the Court's Order (Doc. 10).

**IT IS FURTHER ORDERED** granting Defendants' "Motion for Enlargement of Time to File Response" (Doc. 14). Defendants' Response (Doc. 22) filed on April 18, 2016 is deemed timely.

**IT IS FURTHER ORDERED** construing Plaintiff's request for Court intervention that is contained in Plaintiff's "Notice of Change of Address and Request Court Intervention" (Doc. 16) as a motion for injunctive relief. The request is referred to the District Court Judge for consideration.

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion Requesting Court Subpoena Witness for Plaintiff" (Doc. 34) to the extent set forth herein.

**IT IS FURTHER ORDERED** directing the Clerk of Court to issue and forward to Plaintiff a Subpoena in a Civil Case form and a U.S. Marshal 285 form. Upon receipt of the properly completed U.S. Marshal 285 form, accompanying subpoena, and the tender of witness fees and costs pursuant to 28 U.S.C. § 1821, the U.S. Marshal is directed to promptly effect service of Plaintiff's subpoena.

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion Requesting Permission to File Witness and Exhibit List Late for the Following Reasons" (Doc. 35). Plaintiff's list of exhibits and witnesses docketed on May 25, 2016 (Doc. 33) is deemed timely disclosed.

Dated this 26th day of May, 2016.

_____
Eileen S. Willett
United States Magistrate Judge